The document below is hereby signed.

Signed: February 04, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
ANTHONY L. BROWN,              )   Case No. 10-00777
                               )   (Chapter 13)
          Debtor.              )   Not for Publication in
                               )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER
OVERRULING OBJECTION TO CLAIM OF PALISADES ACQUISITION
XVI LLC BUT GRANTING RELIEF FROM THE AUTOMATIC STAY TO
PERMIT THE DEBTOR TO SEEK TO MODIFY THE CREDITOR'S DEFAULT
JUDGMENT IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

The debtor objected to the claim of Palisades Acquisition XVI LLC, but failed to show error in the proof of claim which is based on a default judgment.  Because the debtor has not obtained relief in the Superior Court of the District of Columbia from the default judgment, the objection to the claim must be overruled, but the debtor will be allowed to seek relief from the default judgment in the Superior Court.

I

The default judgment, issued by the Clerk of the Superior Court for the District of Columbia, set postjudgment interest at 24% per annum.  At the hearing in this court, the debtor

expressed the view that this likely exceeded whatever postjudgment interest was recoverable under District of Columbia statutory law.  If the clerk of the Superior Court disregarded a statute controlling postjudgment interest, my limited research suggests that the debtor might argue that this was one of those "[c]lerical mistakes in judgments . . . [that] may be corrected by the court at any time" under Rule 60(a) of the Superior Court's Rules of Civil Procedure.  The debtor might argue that because the judgment was a default judgment entered by the clerk, that would make such a motion timely and would distinguish the case from such cases as *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243 (D.C. Cir. 1987).[1]

II

Whether there was any error in the default judgment with respect to the rate of interest cannot be determined from the face of the default judgment.  D.C. Code § 15-108 provides:

> In an action . . . to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid.

If the default judgment's 24% per annum rate of interest was a

---

[1] In *Williamsburg Wax*, the trial court fixed the postjudgment interest rate in granting summary judgment, and the plaintiff's motion for relief from the judgment to increase the postjudgment interest rate was brought more than one year after entry of judgment.  The Court of Appeals viewed the motion as pursued under Fed. R. Civ. P. 60(b)(1), and held it time-barred by the one-year deadline applicable to that rule.

rate of interest set by contract, and the debt was a liquidated debt (which presumably it was because the clerk was authorized under Superior Court Rule of Civil Procedure 55(b)(1) to enter the default judgment only if it was for "a sum certain or for a sum which can by computation be made certain"), there would appear not to have been a disregard of a controlling statute with respect to the rate of postjudgment interest. *See Giant Food, Inc. v. Jack I. Bender & Sons*, 399 A.2d 1293, 1304-1305 (D.C. 1979) (and concluding that "Bender must pay Giant the principal debt plus interest [at the contract rate] from the date the debt was due (March 13, 1974) [a date preceding the date of entry of the judgment in 1977] until this judgment is satisfied").[2]

Under D.C. Code § 28-3302(a), the principal amount owed would bear prejudgment interest at only 6% if the contract was silent as to the rate of interest. Under D.C. Code § 28-3302(c), a statutorily fixed postjudgment rate of interest applies but only "where the rate of interest is not fixed by contract," thus reinforcing the idea that § 15-108 controls postjudgment interest

---

[2] There is an exception to § 15-108. In contrast to D.C. Code § 15-108, D.C. Code § 15-110 provides for a 6% postjudgment rate of interest when the claim is based on a contract and the contract called for a higher rate of interest than is lawful in the District of Columbia, but was made or to be performed in a State or territory of the United States where such a contract rate of interest is lawful. The ironic consequence is that such a contract would result in a 6% postjudgment interest rate whereas a judgment controlled by § 15-108 could result in a postjudgment interest rate of greater than 6%.

3

when the contract, if for a liquidated debt, specified a rate of interest payable on principal.[3]

### III

The default judgment does not reveal whether it was only for principal (which § 15-108 provides shall bear interest) or was also for prejudgment interest.  Section 15-508 does not provide for postjudgment interest on prejudgment interest when the contract does not call for compounding of interest (which could be viewed as increasing the amount of principal upon which interest runs).  *See Giant Food*, 399 A.2d at 1304 (judgment appropriately did not include compounding of interest because prejudgment and postjudgment interest are ordinarily not compounded in the absence of contract provision) and at 1305 (judgment required payment of interest, at the contract rate, on *the principal debt* from its prejudgment due date until the judgment was satisfied).  If the default judgment included prejudgment interest, and if the parties' contract did not call

---

[3] If a contract were not for a liquidated debt, D.C. Code §§ 15-109 and 28-3302(a) would control prejudgment interest, and my limited research suggests that § 28-3302(c) would arguably dictate that the full judgment (including prejudgment interest if awarded under § 15-109 and § 28-3302(a), not just the principal amount) would bear postjudgment interest at any rate specified by contract, or, in the absence of any contractual rate of interest, at the rate specified by § 28-3302(c).  There is thus arguably an ironic difference in how the entitlement to postjudgment interest on prejudgment interest is treated under the provision dealing with liquidated debt (§ 15-108) and under the provisions dealing with unliquidated debt (§§ 15-109 and 28-3302(c)).

4

for compounding of interest, the imposition of 24% postjudgment interest on the entire default judgment amount may have been a clerical error that could be addressed under Rule 60(a).

IV

This court must give the default judgment full faith and credit, but the debtor should be given an opportunity to pursue seeking relief from the default judgment if appropriate. Accordingly, for the reasons stated at a hearing of February 3, 2011, it is

ORDERED that the objection to the claim of Palisades Acquisition XVI LLC is overruled without prejudice to filing a further objection to claim based on any effort undertaken by the debtor to have the Superior Court of the District of Columbia make a correction of any error in the default judgment arising from clerical mistake or otherwise to obtain relief from that default judgment.  It is further

ORDERED that relief from the automatic stay of 11 U.S.C. § 362(a) is granted to permit the debtor to pursue a motion in the Superior Court for the District of Columbia for correction of the default judgment or otherwise to obtain relief in the Superior Court from that judgment, and to permit the parties to pursue any proceedings relating to seeking review of the Superior Court's ruling on such a motion.

[Signed and dated above.]

Copies to: Debtor; recipients of notices of electronic filings;

Vativ Recovery Solutions, LLC
As Agent For Palisades Acquisition XVI LLC
P.O. Box 19249
Sugar Land, TX 77496